IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DERAFFELE, | : | Civil Action No. 4:14-CV-1849 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| CITY OF WILLIAMSPORT, | : | |
| GABRIEL CAMPANA, *individually*, | : | |
| CITY OF WILLIAMSPORT | : | |
| APPEALS BOARD, | : | |
| POLICE CHIEF GREGORY | : | |
| FORESMAN, | : | |
| CAPTAIN TIMOTHY MILLER, | : | |
| CAPTAIN MICHAEL ORWIG, | : | |
| JOSEPH GIRARDI, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER**

September 30, 2015

**I. BACKGROUND:**

On September 23, 2014, Plaintiff, John DeRaffele, proceeding *pro se* filed the above-captioned civil action. Shortly thereafter, on October 7, 2014, DeRaffele filed an amended complaint, the subject of the instant Order. ECF No. 5.

DeRaffele names as defendants the City of Williamsport, Gabriel Campana[1], the City of Williamsport Appeals Board, Police Chief Gregory Foresman, Captain Timothy Miller, Captain Michael Orwig, and Joseph Girardi (a City of Williamsport Bureau of Codes officer).[2]

The matter has been jointly assigned to Magistrate Judge Susan E. Schwab, who, on August 19, 2015, issued a report and recommendation on various pending motions on the docket. Upon designation, a magistrate judge may "conduct

---

[1] As point of reference for the non-local reader of this Order, Gabriel Campana is the Mayor of the City of Williamsport. DeRaffele named Campana in his individual, as opposed to official capacity. DeRaffele did not specify in his amended complaint if the other individual defendants are intended to be named in their individual or official capacities, or both. DeRaffele is directed to clarify his intent should he choose to file a second amended complaint.

[2] Defendants argue that all of the named individual defendants, if named in their official capacity, should be dismissed from the action on the basis that municipal officers in their official capacities are the functional equivalent of the municipality, by citing to *Will v. Michigan Dep't of State Police* 491 U.S. 58 (1989). Although *Will* doesn't stand for the precise proposition that Defendants use it for (*Will* holds that state officers are the functional equivalent of the state and therefore are protected by *Eleventh Amendment* immunity), as *Monell*, not *Will* applies to municipal officials, it is true that a claim against a municipal official can be redundant to that of the municipality. However, here, it appears that DeRaffele may have different allegations as to the individuals and the city past that of just the unconstitutionality of the ordinance; for example, a *First Amendment* retaliation claim could only be brought against individuals. Consequently, it is premature to dismiss all the municipal officials until after the second amended complaint has been filed. For the same reason, Defendants motion to dismiss for lack of jurisdiction is also premature, as the Court is unclear as to the precise nature of DeRaffele's claims.

hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations." 28 U.S.C. 636(b)(1)(B). Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections. 28 U.S.C. 636(b)(1).

When objections are timely filed, the district court must conduct a *de novo* review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.2011). Although the standard of review for objections is *de novo*, the extent of review lies within the discretion of the district court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For portions of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (Conner, J.) *(citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)). Regardless of

whether timely objections are made by a party, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Both parties have filed objections/responses to the report and recommendation, which is now ripe for disposition. Magistrate Judge Schwab's report and recommendation is adopted in part and rejected in part.

## II. DISCUSSION:

As an initial matter, to conserve judicial resources, the Court will not rehash the recitation of alleged facts as set forth by the magistrate judge (ECF No. 59 at 2-11), but will adopt, and incorporate by reference, this portion of the report and recommendation.[3] In sum, DeRaffele is a landlord who owns several apartments in the City of Williamsport. Although his complaint is not entirely clear, it appears that he is alleging the unconstitutionality of a Rental Ordinance[4] enacted by the City, the unconstitutionality of a search of one of his tenant's apartments, the

---

[3] It is important to note, for the lay reader of this Order, that when presented with a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), as the Court is here, the Court must accept the alleged facts as true. The test under 12(b)(6) is merely a question of whether or not the plaintiff has alleged sufficient facts to state a claim. The Court is not adopting or endorsing the veracity of the alleged (and often caustic) facts as set forth by DeRaffele as true.

[4] DeRaffele attached a copy of the Rental Ordinance to his complaint, ECF 5-1 at 1-29.

unconstitutionality of a condemnation of one of his properties, and possibly retaliation based on his speech.

The amended complaint is a long, vitriolic, diatribe peppered with obscenities[5]. Because DeRaffele "has filed his complaint *pro se*, the Court must liberally construe his pleadings, and we will apply the applicable law, without regard as to whether the pro se litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Both Magistrate Judge Schwab and the undersigned have attempted to cobble together DeRaffele's statements into legal causes of action.

As Magistrate Judge Schwab correctly pointed out, the overarching statute that provides this Court with jurisdiction is 42 U.S.C. § 1983. (ECF No. 59 at 13-14). Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S. Ct. 2427, 2432, 85 L. Ed. 2d 791 (1985). In order for plaintiff to prevail under § 1983 he must establish two elements: first, that the conduct complained of was committed by a person acting under color of state law; and second, that the conduct deprived the plaintiff of rights, privileges, or

---

[5] DeRaffele is admonished for his excessive, unnecessary and unpersausive use of foul language, and is directed to excise any obscenities when he files his second amended complaint, unless the word is used <u>within a direct quotation</u>.

immunities secured by the Constitution or laws of the United States. *See Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993).

The Court initially considers the role of the Defendant City of Williamsport. It should be noted at the outset that § 1983 limits liability to "persons." *See* 42. U.S.C. § 1983. However, the United States Supreme Court held in *Monell v. Dep't of Soc. Servs. of City of New York* that in enacting § 1983, Congress had intended that "municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978). Consequently, because DeRaffele has named the City of Williamsport as a defendant based on it's enactment of a Rental Ordinance, it can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."[6] *Id.* That said, however, the undersigned

---

[6] In this respect, the report and recommendation of the magistrate judge is rejected in part, as the substance of the opinion recommends not dismissing Defendant City of Williamsport based on the "government's policy or custom." (*See* ECF No. 59 at 14) But it is not a "policy or custom" upon which the alleged § 1983 liability is premised against the City of Williamsport. It is premised, instead, on the City's ordinance. However, the recommendation of the magistrate judge, that the action does survive against the City of Williamsport is adopted.

will adopt the recommendation of the magistrate judge to dismiss, with prejudice, Defendant City of Williamsport Appeals Board as it is merely a subunit of the city government. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, (1993).

DeRaffele's *First Amendment* claims will be dismissed without prejudice with leave to refile. It is completely unclear from the amended complaint what *First Amendment* claim DeRaffele is attempting to state. Construing the amended complaint liberally, it appears to the undersigned, as it did to Defendants, that DeRaffele may be attempting to state a *First Amendment* retaliation claim based on his speech. "A retaliation claim under 42 U.S.C. § 1983 must establish that the government responded to the plaintiff's constitutionally protected activity with conduct or speech that would chill or adversely affect his protected activity." *Balt. Sun Co.*, 437 F.3d at 416, *citing Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005); *ACLU v. Wicomico County*, 999 F.2d 780, 785 (4th Cir. 1993). As written, however, DeRaffele's *First Amendment* claim is so puzzling and vague it will be dismissed with leave to amend.

DeRaffele's *Fourth Amendment* claims will be dismissed in their entirety, some with leave to refile, some with prejudice. DeRaffele pleads three distinct alleged searches: a search pursuant to a search warrant of a tenant's apartment; a search pursuant to consent by a different tenant; and a third pursuant to a search

7

warrant of a vacant apartment. As to the two searches of the two tenants's apartments, DeRaffele "lack[s] standing to assert his tenants' rights" *Rozman v. City of Columbia Heights*, 268 F.3d 588, 591 (8th Cir. 2001) as "one cannot sue for the deprivation of another's civil rights." *O'Malley v. Brierley*, 477 F.2d 785, 789 (3d Cir. 1973) (internal citation omitted). Accordingly, any claims DeRaffele has attempted to bring on behalf of his tenants are dismissed with prejudice.

As to the issue of the vacant apartment, DeRaffele claims that an illegal search occurred because of the "false accusatory of a police official." ECF No. 5 at 12. As Defendants correctly point out, DeRaffele has not alleged the personal involvement of any of the named defendants in the allegedly illegal search. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite [] under § 1983" *Williams v. Smith*, 781 F.2d 319, 323 (2nd Cir. 1986) as "respondeat superior does not give rise to supervisor liability under § 1983, and a plaintiff must allege that supervisors were personally involved or at least acquiesced in alleged violation." *Dotson v. Tennessee*, No. 3:14-CV-02172, 2014 WL 6686744, at *2 (M.D. Tenn. Nov. 25, 2014), *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) explaining *Monell*, *supra*.

DeRaffele's *Fifth Amendment* claim is completely unclear to this Court. As

addressed above, he does not have standing to raise his tenants' *Fifth Amendment* rights, so the only conceivable claim he could have is a takings clause claim[7]. However, DeRaffele explicitly denied bringing a takings claim in his brief opposing the motion to dismiss (ECF No. 56 at 10-12), yet claims the magistrate judge erred when she wrote, **based on his assertions**, that he was not bringing a takings claim (ECF No. 61 at 17-18). This is indistinct nonsense.

Be that as it may, our circuit courts demand a liberal construction of *pro se* pleadings. As a result, the Court gives DeRaffele one further opportunity to press forward and attempt to restate a takings claim, in spite of his incongruous and contradictory statements.

Next, DeRaffele's *Fourteenth Amendment* claims allege a lack of procedural due process in condemnation proceedings. The Court again struggles to grasp the nature of these allegations. It appears that DeRaffele may be alleging that the condemnation proceedings were inadequate, although even that is an intellectual stretch, as he admitted he did have a hearing, he volunteered for his property to be condemned, and he failed to allege how any of the named defendants were

---

[7]Defendants believe that DeRaffele may be bringing an inverse takings claim. It is not evident to the Court what type of claim he is attempting to bring, as he has made one set of arguments to Magistrate Judge Schwab and an opposite argument to the undersigned.

9

personally involved in an alleged procedural due process deprivation.

The magistrate judge recommended that this claim be dismissed with prejudice. As delineated above, the Court will instead dismiss this claim without prejudice with leave for DeRaffele to allege facts of a procedural due process deprivation in a second amended complaint.

DeRaffele also contends that the rental ordinance is unconstitutional as it is designed to use codes officers to enter apartments and search for drugs to bypass the warrant requirement that police officers would be bound by; it is designed to discriminate against African-Americans; and further intended to "force" landlords to discriminate against minority and low income tenants. *See* Amended Complaint, ECF No. 5 at 6-9. DeRaffele points to three portions of the ordinance (namely, § 2-1749.04, § 2-1749.05, and § 3-1749) that he believes to be unconstitutional. The Defendants, the magistrate judge and the undersigned all read the complaint to have intended different challenges

The Defendants read the amended complaint to intend a facial challenge. The magistrate judge reads the complaint to intend both a facial and an as-applied challenge. The undersigned interprets the complaint to intend a discriminatory challenge to the application of the ordinance, an 'as-applied' challenge. In light of the fact that none of the players in this drama are clairvoyant, the undersigned will

10

adopt the suggestion of the magistrate judge and will direct DeRaffele to clarify in his amended complaint exactly what he believes is unconstitutional.

With regard to DeRaffele's demand for punitive damages, Defendants argue that pursuant to *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748, 69 L.Ed. 2d 616 (1981) punitive damage awards are barred for both municipalities and the individual defendants who were named in their official capacities. That statement is only partially correct. *City of Newport* does hold that punitive damages are not available against municipalities, but it explicitly states that "[i]f a government official acts knowingly and maliciously to deprive others of their civil rights, he may become the appropriate object of the community's vindictive sentiments." *Id.* at 267. Punitive damages may be assessed against officials, but only in the most serious of circumstances which evidence "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law, should be sufficient to trigger a jury's consideration of the appropriateness of punitive damages" against officials in Section 1983 cases. *Smith v. Wade*, 461 U.S. 30, 51, 103 S. Ct. 1625, 1637, 75 L. Ed. 2d 632 (1983). In the matter at hand, the punitive damages demand against the named defendants will be dismissed, as DeRaffele has failed to alleged the type of vindictive behavior that would warrant a punitive damages instruction to a jury (should this action

survive the filing of dispositive motions).

Finally, insofar as DeRaffele is trying to state a claim for an alleged lie told him by Mayor Campana regarding the constitutionality of the Rental Ordinance, a lie simply isn't a claim upon which relief may be granted. The alleged "lie" is a factual allegation, not a claim for relief. Accordingly, the "lie" count will be dismissed.

### III. CONCLUSION:

DeRaffele is warned that he will receive only one further opportunity to construct a lucid complaint. "Judges are not like pigs, hunting for truffles buried []." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (Posner, J.). DeRaffele has now been notified of the deficiencies in his pleadings. If he is unable to state a claim in his second amended complaint, it will be dismissed. "Before a district court may dismiss a *pro se* complaint for failure to state a claim upon which relief can be granted, the court must provide the *pro se* litigant with notice of the deficiencies of the complaint and an opportunity to amend it if the deficiencies can be cured, prior to dismissal." *Sevcik v. Unlimited Const. Servs., Inc.*, 462 F. Supp. 2d 1140, 1146 (D. Haw. 2006), *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992). "However, the court may deny leave to amend where amendment would be futile." *Id. citing Flowers v. First Hawaiian Bank*,

295 F.3d 966, 976 (9th Cir.2002) (*citing Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir.1990) (per curiam)).

**AND NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Susan E. Schwab is ADOPTED in part and REJECTED in part. ECF No. 59.

2. Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. ECF No. 8.

3. Plaintiff's Motion for Order to show Cause is DENIED. ECF No. 25.

4. Plaintiff's Motion to Resubmit the Original Motion for Retraining Order is DENIED. ECF No. 38.

5. Defendants' Motion to Dismiss for Lack of Jurisdiction is DISMISSED without prejudice. ECF No. 48.

6. Plaintiff's amended complaint is DISMISSED without prejudice with leave to re-file one, as directed below.

7. The City of Williamsport Appeals Board is DISMISSED from the action with prejudice.

8. All claims brought on behalf of Plaintiff's tenants are DISMISSED from the action with prejudice.

9. Plaintiff's *First Amendment* claim is DISMISSED without prejudice

13

with leave to refile.

10. Plaintiff's *Fourth Amendment* claim brought on his own behalf is DISMISSED without prejudice with leave to refile.

11. Plaintiff's *Fifth Amendment* claim brought on his own behalf is DISMISSED without prejudice with leave to refile.

12. Plaintiff's challenges to the constitutionality of the rental ordinance are DISMISSED without prejudice with leave to refile.

13. Plaintiff's demand for punitive damages is DISMISSED in its entirety with prejudice.

14. Plaintiff's claims based on Mayor Campana's alleged lie are DISMISSED with prejudice.

15. Plaintiff is directed to file a second amended complaint by the close of business October 15, 2015. To that end,
    a. the plaintiff's second amended complaint shall be complete, in and of itself, without reference to any prior filings;
    b. the plaintiff's second amended complaint must include appropriate allegations of the defendants personal involvement;
    c. the plaintiff's second amended complaint must specifically state, in separate numbered counts, which constitutional right

        he alleges the Defendants have violated and which Defendants he alleges are involved in each count;

    d.     in accordance with Fed.R.Civ.P. 8(d), each averment of the plaintiff's amended complaint shall be simple, concise and direct;

    e.     Plaintiff is admonished and directed to avoid use of obscene language, unless intended to be a direct quotation and only in that context;

    f.     should the plaintiff fail to file his amended complaint within the required time period, or fail to follow the above mentioned procedures, this action will be dismissed.

16.     If Plaintiff does not choose to file a second amended complaint by October 15, 2015, the Court will dismiss the entire action with prejudice for failure to prosecute and failure to comply with this Order.

BY THE COURT:

                <u>s/ Matthew W. Brann</u>
                Matthew W. Brann
                United States District Judge